## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CONSTANCE STOKES AND BRANDON THOMPSON,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Case No.**    5:17-cv-318 |
| **LOREN LEE CHAN AND GRAND STAR TRUCKING, INC.** | § § § § | |
| **Defendants.** | § § § | |

## DEFENDANTS', GRAND STAR TRUCKING, INC. AND LOREN LEE CHAN, NOTICE OF REMOVAL

Defendants **GRAND STAR TRUCKING, INC. and LOREN LEE CHAN,** ("Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby remove the action currently pending in the 438th Judicial District Court of Bexar County, Texas, Cause No. 2017CI04340, to the United States District Court for the Western District of Texas, San Antonio Division.  In support of this Notice of Removal, Defendants state as follows:

### I.    BACKGROUND AND PROCEDURAL POSTURE

Plaintiffs Constance Stokes and Brandon Thompson ("Plaintiffs") filed an Original Petition ("Complaint") against Defendants in the 438th Judicial District Court of Bexar County on March 8, 2017, styled *Constance Stokes and Brandon Thompson v. Loren Lee Chan and Grand Star Trucking, Inc.; In the 438th Judicial District Court of Bexar County, Texas* Cause No. 2017CI04340 ("State Court Action").

Grand Star was served with the Citation and Complaint on March 13, 2017. Defendant Chan has not been served.

A copy of the Citation and Complaint filed in the State Court Action, and served on Defendant Grand Star, is attached hereto as part of **Exhibit A** pursuant to 28 U.S.C. § 1446, said **Exhibit A** containing the docket sheet and all pleadings or orders that have been filed in the State Court Action.

Removal is timely because Defendant Grand Star was served with the Citation and Complaint on March 13, 2017, which is less than 30 days prior to filing this removal, and Defendant Chan has not been served.  Removal of this action is based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

As required by 28 U.S.C. § 1441, Defendants removed this case to the United States District Court for the Western District of Texas, San Antonio Division, which is the federal district court encompassing the place where the State Court Action is pending.   Accordingly, removal to the Western District of Texas is proper. *See* 28 U.S.C. § 1441(a).

Removal is proper under 28 U.S.C. § 1441 because this United States District Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332. Section 1332 provides that the District Courts shall have original jurisdiction over any civil action where the amount in controversy exceeds $75,000.00 and is between citizens of different states.   All of these requirements have been met.

## II.        BASIS FOR REMOVAL:  DIVERSITY JURISDICTION

The Court may exercise diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are completely diverse, and the amount in controversy exceeds $75,000.00.

### A.        The Parties Are Citizens of Different States

Diversity jurisdiction exists if there is "complete diversity between all named plaintiffs and all named defendants, and no defendant is a citizen of the forum State." *Lincoln Prop. Co. v.*

*Roche,* 126 S. Ct. 606, 610 (2005).

Plaintiffs are domiciled in and citizens of the state of Texas. *Complaint*, §II, *Paragraph 2. See Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007).

Plaintiffs judicially admit through their Complaint that Defendant Loren Lee Chan is an individual residing in and a citizen of California. Therefore, Defendant Chan is admitted to be, and is, a citizen of California for the purposes of diversity jurisdiction. *Complaint*, §II, *Paragraph 3.*

Plaintiffs judicially admit through their Complaint that Defendant Grand Star is incorporated in and maintains its principal place of business in the state of Carolina. Accordingly, pursuant to 28 U.S.C. § 1332, Defendant Grand Star is a citizen of the state of California for the purposes of diversity jurisdiction. *Complaint*, §II, *Paragraph 4.*

Because, at all times material, Plaintiffs are not and have not been citizens of the same state as either of the Defendants, complete diversity of citizenship exists between the parties.

**B.**    **The Amount in Controversy Exceeds $75,000.00.**

Plaintiffs have sued Defendants seeking monetary relief over One Million Dollars ($1,000,000.00) *Complaint*, §III, *Paragraph 7. See attached Exhibit A.* Therefore, the amount in controversy in this case exceeds $75,000.00 per 28 U.S.C. §1332(a).

Removal pursuant to 28 U.S.C. § 1441 is appropriate in this case because this Court possesses diversity jurisdiction pursuant to 28 U.S.C. § 1332.

## III.    ADDITIONAL PROCEDURAL MATTERS

In the State Court Action, Plaintiff has requested a trial by jury. *Complaint*, §IX, *Paragraph24.*

Upon filing this Notice of Removal, Defendants will promptly serve Plaintiffs through their counsel, with written notice of such removal and will file a Notice of Removal in the state court in which this case was originally filed.

Pursuant to 28 U.S.C. § 1446(a), Grand Star has attached the following:

(i)   An index of all documents filed (**Exhibit 1**);
(ii)  A copy of all documents filed in the State Court Action and a copy of the docket sheet (**Exhibit A**);
(iii) A complete list of attorneys involved in the action being removed, including each attorney's bar number, address, telephone number and parties represented by him (**Exhibit B**); and
(iv)  State Court Notice of Removal (**Exhibit C**).

## IV.   CONCLUSION

Defendants Grand Star Trucking, Inc. and Loren Lee Chan respectfully request the action now pending in the 438th Judicial District Court of Bexar County, Texas, Cause No. 2017CI04340, be removed to the United States District Court for the Western District of Texas, San Antonio Division, and that this District Court assume exclusive jurisdiction of this action, entering such other and further orders as may be necessary to accomplish the requested removal.

Respectfully submitted,

LAW OFFICE OF MARK E. MACIAS
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE

GORDON O. STAFFORD, JR.
State Bar No. 18995000
Staffg1@nationwide.com

ATTORNEY FOR DEFENDANTS
**GRAND STAR TRUCKING, INC. and
LOREN LEE CHAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 12th day of April, 2017.

Bryan Schoeppey
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX  78401
361.985.0600
361.985.0601 Facsimile
Bschoeppey-svc@tjhlaw.com
*Attorney for Plaintiffs, Constance Stokes and Brandon Thompson*

_____
GORDON O. STAFFORD, JR.

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **CONSTANCE STOKES AND BRANDON THOMPSON,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § | **Case No. _____** |
| **LOREN LEE CHAN AND GRAND STAR TRUCKING, INC.** | § § § | |
| **Defendants.** | § § § | |

## EXHIBIT INDEX

Pursuant to this Court's Local Rule 81, Defendants, Grand Star Trucking, Inc. and Loren Lee Chan, provide this Index of Matters Being Filed:

| | |
|---|---|
| Exhibit 1 | Index of Matters Being Filed |
| Exhibit A | State Court Pleadings |
| Exhibit B | List of Counsel of Record |
| Exhibit C | State Court Notice of Removal to Federal Court |

# EXHIBIT A



# Case #2017CI04340

**Name**: CONSTANCE STOKES

**Date Filed** : 03/08/2017

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 438

**Docket Type** : MOTOR VEHICLE ACCIDENT

**Business Name** :

**Style** : CONSTANCE STOKES ETAL

**Style (2)** : vs LOREN L CHAN ETAL

# Case History

*Currently viewing 1 through 8 of 8 records*

| Sequence | Date Filed | Description |
|---|---|---|
| P00006 | 4/11/2017 | ORIGINAL ANSWER OF LOREN LEE CHAN |
| P00005 | 3/31/2017 | ORIGINAL ANSWER OF GRAND STAR TRUCKING INC, SPECIAL EXCEPTIONS, REQUEST FOR DISCLOSURE AND RULE 193.7 NOTICE |
| P00004 | 3/31/2017 | JURY DEMAND JURY FEE PAID |
| S00002 | 3/10/2017 | CITATION CERTIFIED MAIL GRAND STAR TRUCKING INC ISSUED: 3/10/2017 RECEIVED: 3/10/2017 EXECUTED: 3/13/2017 RETURNED: 3/16/2017 |
| S00001 | 3/10/2017 | CITATION LOREN LEE CHAN ISSUED: 3/10/2017 |
| P00003 | 3/8/2017 | PETITION |
| P00002 | 3/8/2017 | JURY DEMAND JURY FEE PAID |
| P00001 | 3/8/2017 | SERVICE ASSIGNED TO CLERK 1 |

FILED
3/8/2017 4:28:55 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Debra Garay

CHPPS/ CH-CML (SOS) -SAC1 W/JD

CAUSE NO. **2017CI04340**

| | | |
|---|---|---|
| CONSTANCE STOKES | § | IN THE DISTRICT COURT |
| AND BRANDON THOMPSON | § | |
| *Plaintiffs* | § | |
| | § | **438th** JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| LOREN LEE CHAN AND | § | |
| GRAND STAR TRUCKING, INC. | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |
| | § | |

## PLAINTIFFS' ORIGINAL PETITION AND REQUESTS FOR DISCLOSURE

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES, CONSTANCE STOKES AND BRANDON THOMPSON, hereinafter referred to by name or as "Plaintiffs", and complain of LOREN LEE CHAN and GRAND STAR TRUCKING, INC., hereinafter referred to by name or as "Defendants" and for cause of action would respectfully show unto the Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend that discovery be conducted under LEVEL 3 of RULE 190 of the TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.    Plaintiffs, CONSTANCE STOKES and BRANDON THOMPSON are individuals residing in Bexar County, Texas.

3.    Defendant, LOREN LEE CHAN, is an individual residing in Los Angeles County, California who may be served with process at his residence located at 4229 Walnut Street, Baldwin Park, California 91706-2909.

1

4.     Defendant, GRAND STAR TRUCKING INC., is a California corporation organized and existing under the laws of California, whose principal place of business is located at 912 N. 2ND St., Montebello, CA  90640, and may be served with process in accordance with the Texas Long-arm statute by serving the Texas Secretary of State at P.O. Box 12079, Austin, Texas 78711-2079, as its agent for service because defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from defendant's business in Texas pursuant to TEX. CIV. PRAC. & REM. CODE §§ 17.044(b), 17.045.

### III.
### VENUE & JURISDICTION

5.     Venue is proper in Bexar County under §15.002(a) (2) of the CIVIL PRACTICE & REMEDIES CODE because this is the county in which all or a substantial part of the events or omissions giving rise to this claim occurred.

6.     This Court has jurisdiction over these claims because the amount in controversy is within the jurisdictional limits of the Court.

7.     Pursuant to Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff, CONSTANCE STOKES AND BRANDON THOMPSON, seeks monetary relief OVER ONE MILLION DOLLARS ($1,000,000.00), which is in excess of the minimum jurisdictional limits and a demand for judgment for all the other relief to which Plaintiffs deem themselves justly entitled at the time of filing this suit, which, with the passage of time may change and is within the Court's jurisdictional limits. Because Rule 47 of the TEXAS RULES OF CIVIL PROCEDURE requires Plaintiffs to affirmatively plead the amount of damages sought, Plaintiffs plead that any amount in excess of ONE MILLION DOLLARS ($1,000,000.00) is an amount to be determined by the jury.

## IV.
## FACTS

8.     On or about July 15, 2016, Plaintiff, Constance Stokes, was legally operating a 2012 Ford Fusion traveling westbound on I-H10 in Bexar County, Texas. Defendant, LOREN LEE CHAN, was operating 2012 Freightliner owned by GRAND STAR TRUCKING, INC. also traveling westbound on IH-10. As Plaintiff proceeded in her lane of travel, Defendant, LOREN LEE CHAN, suddenly and without warning attempted to change lanes and violently sideswiped Plaintiff's vehicle, causing Plaintiff's vehicle to spin out of control and hit a guardrail. At the time of the collision, Plaintiff, BRANDON THOMPSON was a passenger in the 2012 Ford Fusion.

9.     At all relevant times, Defendant, LOREN LEE CHAN, was in the course and scope of his employment with Defendant, GRAND STAR TRUCKING, INC. As a result of the collision, Plaintiffs CONSTANCE STOKES and BRANDON THOMPSON sustained severe injuries and damages as further set out below.

## V.
## CAUSES OF ACTION- LOREN LEE CHAN

*A. Negligence*

9.     The occurrence made the basis of this suit, reflected in the above paragraph and the resulting injuries and damages were proximately and directly caused by the negligent conduct of Defendants. Defendant, LOREN LEE CHAN,  operated the commercial vehicle he was driving in a negligent manner because he violated the duty which he owed the Plaintiffs to exercise ordinary care in the operation of the motor vehicle in one or more of the following respects, including but limited to:

      a.   in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

3

b.   in failing to control his speed;

c.   in failing to maintain control of his vehicle;

d.   in failing to maintain a single lane of travel;

e.   in failing to timely apply the brakes in an effort to avoid the impact with the Plaintiff;

f.   in failing to drive defensively to avoid the impact with the Plaintiff;

g.   in failing to make safe decisions while driving;

h.   in failing to blow his horn to warn of imminent collision,

i.   in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401.

## B. Negligence Per Se

10.   Defendant, LOREN LEE CHAN, failed to exercise the mandatory standard of care in violation of the following provisions of the Texas Transportation Code:

a.   Violation of §545.104 (a) of the Texas Transportation Code- An operator shall use the signal authorized by Section 545.106 to indicate an intention to turn, change lanes or start from a parked position.

b.   Violation of §545.401 of the Texas Transportation Code-  A person commits an offense if the person drives a vehicle in willful or wanton disregard for the safety of persons or property.

11. Defendant LOREN LEE CHAN's violations of sections 545.104(a) and 545.401 of the Texas Transportation Code were the proximate causes of Plaintiffs' injuries alleged herein.

## C. Gross Negligence

12.   The acts and/or omissions on the part of the Defendant, LOREN LEE CHAN, constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an

4

extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

13.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

## VI.
## CAUSES OF ACTION- GRAND STAR TRUCKING, INC.

### A. Respondeat Superior

14.     Defendant, GRAND STAR TRUCKING, INC., is liable under the doctrine of *Respondeat Superior* in that Defendant, LOREN LEE CHAN, was operating the commercial vehicle while in the course and scope of employment with Defendant, GRAND STAR TRUCKING, INC., and/or with Defendant GRAND STAR TRUCKING, INC.'s permission and/or consent.

15.     Plaintiffs invoke the doctrine of *Respondeat Superior* against Defendant, GRAND STAR TRUCKING, INC.

### B. Negligence

16.     Additionally, Defendant GRAND STAR TRUCKING, INC., was also independently negligent in one or more of the following respects:

   a.     negligent hiring of Defendant, LOREN LEE CHAN;

   b.     negligent entrustment of the vehicle to Defendant, LOREN LEE CHAN;

   c.     negligence in failing to ensure driver qualifications;

   d.     negligent training and supervision of Defendant, LOREN LEE CHAN;

   e.     negligent retention of Defendant, LOREN LEE CHAN.

17.     Plaintiffs would further show that the Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiffs.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiffs as well as others similarly situated.

*C. Gross Negligence*

18.     The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

19.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by the Plaintiffs.

## VII.
## DAMAGES

20.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiffs, CONSTANCE STOKES and BRANDON THOMPSON, suffered severe and permanent bodily injuries to their necks, heads, backs, shoulders and other parts of their body generally.  The injuries have had a serious effect on the Plaintiffs' health and well-being.  These specific injuries and their ill effects have, in turn, caused them physical and mental condition to deteriorate generally and the specific injuries and ill effects have and will, in reasonable probability, cause them to suffer consequences and ill effects of this deterioration throughout their

bodies in the future, if not for the balance of their natural lives. The Plaintiffs have also suffered great physical and mental pain, suffering and anguish and, in reasonable probability, will continue to suffer in this manner in the future, if not for the balance of their natural lives.

21.     Additionally, as a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiffs were caused to incur the following damages:

　　a.　　Reasonable medical care and expenses in the past;

　　b.　　Reasonable and necessary medical care and expenses, which will, in all reasonable probability be incurred in the future;

　　c.　　Physical pain and suffering in the past;

　　d.　　Physical pain and suffering, which will, in all reasonable probability, be suffered in the future;

　　e.　　Physical impairment and disability in the past;

　　f.　　Physical impairment and disability, which will, in all reasonable probability be suffered in the future;

　　g.　　Lost wages in the past;

　　h.　　Loss of wage earning capacity;

　　i.　　Mental anguish in the past;

　　j.　　Mental anguish which will, in all reasonable probability, be suffered in the future;

　　k.　　Physical disfigurement in the past, and which will, in all reasonable probability, be suffered in the future.

## VIII.
## INTEREST

23.     Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

## IX.
## DEMAND FOR JURY TRIAL

24.     Plaintiffs demand a trial by jury.  Plaintiffs acknowledge payment this date of the required jury fee.

7

## X.
## REQUESTS FOR DISCLOSURE

25.     Pursuant to Rule 194 of the Texas Rules of Civil Procedure, the Defendants are requested to disclose, within fifty (50) days of service hereof, the information and material described in each section of Rule 194.2.

## XI.
## NOTICE OF SELF-AUTHENTICATION

26.     Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, the Defendants are hereby noticed that the production of any document in response to written discovery authenticates the document for use against that party in any pretrial proceeding or at trial.

## XII.
## PRAYER

Plaintiffs, CONSTANCE STOKES and BRANDON THOMPSON, respectfully pray that the Defendants be cited to appear and answer herein, and that upon final hearing of this cause, judgment be entered for the Plaintiffs against Defendants, jointly and severally, for actual compensatory damages and exemplary damages, in an amount within the jurisdictional limits of this Court, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law, post-judgment interest at the legal rate, costs of court, and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By: _____
Thomas J. Henry

State Bar No. 09484210
Bryan Schoeppey
State Bar No. 00797387
* bschoeppey-svc@tjhlaw.com
ATTORNEYS FOR PLAINTIFFS

* service by email to this address only

CAUSE NO. _____

| | | |
|---|---|---|
| **CONSTANCE STOKES** | § | **IN THE DISTRICT COURT** |
| **AND BRANDON THOMPSON** | § | |
| *Plaintiffs* | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| **LOREN LEE CHAN AND** | § | |
| **GRAND STAR TRUCKING INC.** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |
| | § | |

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT LOREN LEE CHAN

TO:    Defendant, LOREN LEE CHAN

These interrogatories are filed and served pursuant to Rule 197, Texas Rules of Civil Procedure.  Plaintiffs, Constance Stokes and Brandon Thompson request that Defendant answers separately and fully in writing and under oath each of the following interrogatories within thirty (50) days after service of this request.

In the event an interrogatory is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request.  Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bryan Schoeppey
State Bar No. 00797387
bschoeppey-svc@tjhlaw.com


EXHIBIT
A

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to Loren Lee Chan, his attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of Loren Lee Chan, whether authorized to do so or not.

2.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

3.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

4.      "Identify" or "Identification":

    (a)      When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

    (b)      When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

    (c)      When used in reference to a document, "identify" or "identification" shall include statement of the following:

        (i) the title, heading, or caption, if any, of such document;

        (ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

        (iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

        (iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

        (v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

        (vi) the name and capacity of the person to whom such document was

addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

5.      "Plaintiffs" shall mean and include Constance Stokes and Brandon Thompson

6.      Unless a specific date or dates is set forth in any specific question herein, you are directed that each question shall be answered for the period of time up to and including the present date.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## INTERROGATORIES

1.    Describe in your own words how the collision occurred and state specifically and in detail what the claim or contention of the defendant will be regarding any cause or contributing cause of the collision, including a statement in detail of the facts or information upon which this contention is based, indicate in your description the speed or estimated speed that your vehicle was traveling at the time of the incident.  On the back of this sheet please draw a diagram to indicate the location of the accident and the direction that the vehicles were traveling at the time of the collision.

ANSWER:

2.    State where you were just prior to the collision, where you were going at the time of the collision, and the purpose of the trip.

ANSWER:

3.    Please state in detail your itinerary on the date of the auto accident made the basis of this suit, including each place at which you were present, your length of stay at each such place, the route taken, and a detailed account of whom you saw and what you did at each such place.

ANSWER:

4.    Immediately following the incident of July 15, 2016, please identify:

a. The person at GRAND STAR TRUCKING, INC. who was first notified of the accident;

b. The date and time this person was notified; and,

c. Whether you created a written record of the accident?

ANSWER:

5.    Please provide the name(s), address(es) of the cellular and/or wireless telephone company and the telephone number of the cellular and/or wireless telephone that was in the vehicle you were driving vehicle and/or in your possession and/or in the possession of any passengers at the time of the incident.

ANSWER:

6.      State each and every individual act or omission on the part of the Plaintiffs which you now contend or will contend at trial caused or contributed to the collision.

ANSWER:

7.      State each and every factor other than the alleged negligence of the Plaintiffs which you now contend or will contend at trial contributed to the collision including, but not limited to, acts or omissions of negligence of any other party or parties, or potential Third-Party Defendants; sudden emergency; unavoidable accident; mechanical defect; or Act of God.

ANSWER:

8.      State each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiffs' damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiffs.

ANSWER:

9.      State your full name, address, telephone number, driver's license number, social security number, and date of birth.

ANSWER:

10.     Identify each of your employers for the last ten (10) years.  Include in your answer the name, address, telephone number of each employer, supervisor, your title and duties, and reason for leaving.

ANSWER:

11.     State whether or not you were acting within course and scope of any agency, employment, or service at the time of collision, and describe the type of relationship of the persons involved.

ANSWER:

12.     How were you paid at the time of the accident made the basis of this lawsuit (hourly,

commission, miles, etc.)?

ANSWER:


13.   Identify each motor vehicle collision in which you have been involved as a driver in the past 10 years, excluding the incident made the basis of this suit.  As used in this Interrogatory "Identify" means to state the date of the collision, the identity of the other driver(s), the location (including the street, city, and state), and if fault was determined, the result.

ANSWER:


14.   If your driver's license has ever been suspended, or if any action has ever been initiated to suspend your driver's license, identify the agency that initiated suspension proceedings, the reason or reasons stated for each suspension, and the result.

ANSWER:


15.   If you have ever been arrested for any offense other than minor traffic violations, state the date of each arrest, the name of each arresting agency, the city and state, the offense charged, the Court, the type of plea entered, and the disposition of each arrest.

ANSWER:


16.   Describe any traffic citation you received as a result of this collision by stating the name, and location of the court involved, the violations of the law charged in that citation, and the date, place and manner (i.e., type of plea, bail, forfeit, trial, etc.) of disposition of the citation.

ANSWER:


17.   Identify all occupants of the vehicle you were driving at the time of the collision made the basis of this suit.

ANSWER:

18.   Did you have any conversations with the Plaintiffs, witnesses to the accident made the basis of this suit, or investigators at the scene of the accident or any time after the accident? If so, state the substance of such conversations.

ANSWER:

19.   Identify any medical doctor, medical facility or healthcare professional you have seen in the last five (5) years for any reason, including regular check-ups or work related evaluations, and identify the healthcare provider by name, address and phone number.

ANSWER:

20.   Please state whether you completed a driver's accident report form detailing the incident of July 15, 2016?

ANSWER:

21.   State verbatim all statements, admissions, or declarations made by Plaintiffs or conversations you had with Plaintiffs at the time of the collision or at any time subsequent to the collision.

ANSWER:

22.   State in detail what intoxicating beverages, if any, you had consumed and what drugs and/or medications you had taken for the twenty-four (24) hour period prior to the collision.

ANSWER:

CAUSE NO. _____

| | | |
|---|---|---|
| **CONSTANCE STOKES** | § | **IN THE DISTRICT COURT** |
| **AND BRANDON THOMPSON** | § | |
| *Plaintiffs* | § | |
| | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| **LOREN LEE CHAN AND** | § | |
| **GRAND STAR TRUCKING, INC.** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |
| | § | |

## <u>PLAINTIFFS' FIRST SET OF INTERROGATORIES<br>TO DEFENDANT, GRAND STAR TRUCKING, INC.</u>

TO:   Defendant, GRAND STAR TRUCKING, INC.

Please take notice that pursuant to Rules 192 and 197 of the Texas Rules of Civil Procedure, Plaintiffs, Constance Stokes and Brandon Thompson serve the attached interrogatories to be propounded to Defendants.

You are hereby instructed to answer the following interrogatories separately, fully, in writing, and under oath if required by Rule 197.2(d) of the Texas Rules of Civil Procedure. The answers shall be served upon the undersigned counsel within 50 days after the service of these interrogatories.

Your failure to make timely answers or objections may subject you to sanctions as provided in Rule 215 of the Texas Rules of Civil Procedure.

Furthermore, demand is made for the supplementation of your answers to these interrogatories as required by Rule 193.5 of the Texas Rules of Civil Procedure.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
Thomas J. Henry
State Bar No. 09484210
Bryan Schoeppey
State Bar No. 00797387

**EXHIBIT**
**B**

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to GRAND STAR TRUCKING, INC. attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of GRAND STAR TRUCKING, INC. whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person.  The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)     When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)     When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)     When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

## **USE OF DEFINITIONS**

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## INTERROGATORIES

1.  State the name and address of the person answering these Interrogatories, your title, your affiliation with the Defendant, and the length of time with the Defendant in that position.

ANSWER:

2.  State the name of LOREN LEE CHAN's immediate supervisor at the time of the incident made the basis of this lawsuit, including address, telephone number and whether this individual is currently employed with you.

ANSWER:

3.  State the nature of the trip being made LOREN LEE CHAN, including the location from which he left and the intended destination, including the reason for the trip.

ANSWER:

4.  At the time of this accident made the basis of this suit, was the vehicle driven by LOREN LEE CHAN equipped with a satellite communication device or e-mail capability, including a Qualcomm system such as SensorTRACS, TrailerTRACS, ViaWeb, JTRACS, ProOmniOne, OmniExpress, FleetAdvisor, QTRACS fleet management system, TruckMAIL, GlobalTRACS, or a GPS product manufactured by any other company?

ANSWER:

5.  Name all persons and/or personnel who were at or near the scene, or arrived at the scene within two hours after the auto accident.

ANSWER:

6.  If you contend that the Plaintiffs in this action was negligent in causing the auto accident, state the reason(s) you make this contention. Include in your answer where and from whom you obtained the information to make this contention.

ANSWER:

7.     Do you know of any statement, conversation, comment, or report made by this Plaintiffs at the time of the auto accident or following the auto accident, concerning the auto accident or facts relevant to any issue in this case? If your answer is "yes," state the content of such statement, conversation, comment, or report, the place where it took place, and in whose presence, it was made.

ANSWER:


8.     If you contend that the Plaintiffs suffered from a pre-existing condition, please state all facts upon which you rely to support your contention.

ANSWER:


9.     If you contend that the Plaintiffs aggravated a preexisting condition, please state all facts upon which you rely to support your contention.

ANSWER:


10.    If you contend that the Plaintiffs' injuries were not sustained in the auto accident of July 15, 2016, please state all facts upon which you rely upon to support your contention.

ANSWER:


11.    Did you have a Safety Director (or other person in charge of driver safety no matter what the title) as of July 15, 2016? If so, please state: (a) name and last known address, with their inclusive dates of employment; (b) the name of the present Safety Director: (c) the name, address and inclusive dates of employment for the predecessor Safety Directors in the 5 years previous to July 15, 2016.

ANSWER:

12.    Explain in detail the methods, procedures and systems used by GRAND STAR TRUCKING, INC. to track individual employee progress, work load, and jobs completed in effect on July 15, 2016.

ANSWER:


13.    Did LOREN LEE CHAN provide a urine sample after the accident?

ANSWER:

14.    State what type of driver training program or driver monitoring was provided by your company to LOREN LEE CHAN.

ANSWER:

15.    What type of ongoing driver monitoring is provided by your company and by whom?

ANSWER:

16.    What discipline or adverse consequences (including warnings, reprimands, interviews, probation, suspension, points, etc.) were suffered by or administered to LOREN LEE CHAN result of the accident on July 15, 2016?

ANSWER:

17.    Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

ANSWER:

18.    Describe any umbrella or excess liability insurance coverage, over and above the basic or primary coverage, that may be responsible for paying any part of a judgment against you in this case.

ANSWER:

19.    State the names of all insurance companies who had primary or excess (umbrella) insurance coverage in effect on July 15, 2016.  Include the policy number(s), amount(s) or limit(s) of coverage, which you contend apply to such incident(s).

        (a)    If any coverage limit is an aggregate limit, please state whether such limit has been reduced by any other claims and, if so, the amount of such reduction.

        (b)    If any deductible or self-insured retention applies, please state the amount of same.

ANSWER:

20.   Please provide the name(s), address(es) of the cellular and/or wireless telephone company and the telephone number of the cellular and/or wireless telephone that was in your vehicle and/or the possession of your driver and/or in the possession of any passengers at the time of the incident.

ANSWER:


21.   Immediately following the incident of July 15, 2016, please state:

   a.   The person at Defendant GRAND STAR TRUCKING, INC. who was first notified of the accident?
   b.   The date and time this person was notified?
   c.   Whether anyone at Defendant GRAND STAR TRUCKING, INC. created a written record of the accident, and if so, whom?
   d.   Is this record kept in any Vehicle Accident Investigation File or its equivalent?
   e.   Is this record kept in the ordinary course of business?

ANSWER:

CAUSE NO. _____

| | | |
|---|---|---|
| CONSTANCE STOKES | § | IN THE DISTRICT COURT |
| AND BRANDON THOMPSON | § | |
| *Plaintiffs* | § | |
| | § | _____ JUDICIAL DISTRICT |
| v. | § | |
| | § | |
| LOREN LEE CHAN AND | § | |
| GRAND STAR TRUCKING, INC. | § | |
| *Defendants* | § | BEXAR COUNTY, TEXAS |
| | § | |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION
## TO DEFENDANT LOREN LEE CHAN

TO:    Defendant, LOREN LEE CHAN

**NOW COMES** CONSTANCE STOKES and BRANDON THOMPSON, Plaintiffs, in the above styled and numbered cause, and pursuant to the Texas Rules of Civil Procedure, makes the following Requests for Production.

Please take notice that request is hereby made by Plaintiffs, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant LOREN LEE CHAN produce or permit the undersigned attorney, The Law Offices of Thomas J. Henry, to inspect and copy or reproduce the items hereinafter requested.

You are notified that Plaintiffs demand that within 30 days after service of this request, or within fifty (50) days after service of the citation and petition, whichever is later, Loren Lee CHan specifically serve a written response to the undersigned attorney at 521 Starr Street, Corpus Christi, Texas 78401, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested. A failure to specifically answer any request, or an evasive answer to any request, will be taken as an admission of truth of such request.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.



EXHIBIT

C

RESPECTFULLY SUBMITTED,

THE LAW OFFICES OF THOMAS J. HENRY
521 STARR STREET
CORPUS CHRISTI, TEXAS 78411
361/ 985-0600 – PHONE
361/ 985-0601 – FACSIMILE

BY: _____

     THOMAS J. HENRY
     STATE BAR NO.: 09484210
     BRYAN SCHOEPPEY
     STATE BAR NO.: 00797387
     bschoeppey-svc@tjhlaw.com

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall mean Loren Lee Chan, and all attorneys, agents, and other natural persons or business or legal entities acting or purporting to act for or on behalf of Loren Lee Chan, whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all non-identical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include: affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries or drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements or interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person" or "persons" means any natural persons, firms, partnerships, associations, joint ventures, corporations and any other form of business organization or arrangement, as well as governmental or quasi-governmental agencies.  If other than a natural person, include all natural persons associated with such entity.

5.      Any and all data or information which is in electronic or magnetic form should be produced in a reasonable manner.

6.      "Plaintiffs" shall mean Constance Stokes and Brandon Thompson.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "1", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

**EXHIBIT A**
**DOCUMENTS TO BE PRODUCED**

1.  A copy of your driver's license, front and back.

2.  Please produce a true and correct copy of your detailed cell phone bill for the month of July 2016, including the time period covering July 15, 2016, including but not limited to all incoming/outgoing calls, text messages received/sent, e-mail messages and data usage.

3.  Produce a copy of any photographs of the property damage to the vehicle driven by you at the time of the incident made the basis of this suit.

4.  Produce a copy of any photographs of the vehicle driven by Plaintiffs at the time of the accident made the basis of this suit.

5.  All documents and records relating to the damage and/or repair to all vehicles involved in the collision made the basis of this suit, including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

6.  A copy of all your medical records, doctor or hospital records, reports, or medical documents of any kind containing information about you arising from this accident.

7.  All payroll records, including pay stubs, W-2(s), and 1099s from your employer at the time of the incident made the basis of this suit.

8.  All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

9.  A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about your injuries arising from this accident, including all documents and tangible things that relate to the existence, extent, treatment for, or expenses relating to your injuries, specifically including but not limited to all medical bills or reports, statements or charges.

10. Any and all worker's compensation records pertaining to you.

11. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiffs or other claimants and/or concerning the medical or physical condition of the Plaintiffs or other claimants which are in your possession or constructive possession, custody or control.

12. All documents, records, reports, notations, or memoranda regarding the Plaintiffs from persons or entities that compile claim information, insurance claims, and worker's

compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

13.   All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiffs' claim.

14.   Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken concerning the incident giving use to this lawsuit.

15.   Complete and legible photocopies of all statements from witnesses or persons with knowledge of relevant facts, concerning the incident giving use to this lawsuit.

16.   All photographs, videotapes, movies, and other graphic representations of the scene of the collision, the vehicles involved, and the parties involved, concerning the incident giving use to this lawsuit.

17.   All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein, concerning the incident giving use to this lawsuit.

18.   All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the collision and the vehicles involved.

19.   All newspaper articles and/or television news videos that pertain to or reference the collision, concerning the incident giving use to this lawsuit.

20.   Any and all documents provided to you prior to and during your employment with your employer at the time of the incident made the basis of this suit, including, but not limited to, the following:

   a.   driver's manual;
   b.   safety manual;
   c.   personnel manual;
   d.   company's safety program;
   e.   certificates;
   f.   orientation documentation;
   g.   annual evaluations;
   h.   reprimands;
   i.   termination notices;
   j.   job instructions; and
   k.   job description and/or duties.

21.   Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit,

regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

22.   A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding any contractual obligations owed by you.

23.   All documents and records, including expert's reports, with regard to the causation of the occurrence made the basis for this suit.

24.   All documents and records, including expert's reports, with regard to the medical condition of the Plaintiffs excluding any documents and records provided by Plaintiffs.

25.   All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by the Plaintiffs.

26.   All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

27.   All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

28.   Any and all trial exhibits.

29.   Any and all demonstrative evidence which you intend to utilize at trial.

30.   Copies of any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiffs' cause of action.

31.   A copy of all documents relating to any criminal records pertaining to any party or witness to this lawsuit.

32.   All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

33.   Please produce a copy of all expense forms, receipts, bills, credit card charges, statements for the reimbursement of expenses, including itemization forms, payment stubs received for reimbursement of expenses from your employer during the term(s) of your employment with said entity

34.   Please produce a copy of your employer's on-call policy.

CAUSE NO. _____

| | | |
|---|---|---|
| **CONSTANCE STOKES** | § | **IN THE DISTRICT COURT** |
| **AND BRANDON THOMPSON** | § | |
| *Plaintiffs* | § | |
| | § | _____ **JUDICIAL DISTRICT** |
| **v.** | § | |
| | § | |
| **LOREN LEE CHAN AND** | § | |
| **GRAND STAR TRUCKING, INC.** | § | |
| *Defendants* | § | **BEXAR COUNTY, TEXAS** |
| | § | |

## PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION
## TO DEFENDANT GRAND STAR TRUCKING, INC.

TO:   Defendant, GRAND STAR TRUCKING, INC.

NOW COMES Plaintiffs in the above-styled and numbered cause, and pursuant to the Texas Rules of Civil Procedure, makes the following Requests for Production.

Please take notice that request is hereby made by Plaintiffs, pursuant to Rule 196 of the Texas Rules of Civil Procedure, that Defendant produce or permit the undersigned attorney, Thomas J. Henry, to inspect and copy or reproduce the items hereinafter requested.

You are notified that Plaintiffs demands that within thirty (50) days after service of these request, Defendant, GRAND STAR TRUCKING, INC., specifically serve a written response to the undersigned attorney at 521 Starr Street, Corpus Christi, Texas 78401, including the items requested or stating with respect to each request that an inspection and copying or reproduction will be permitted as requested. A failure to specifically answer any request, or an evasive answer to any request, will be taken as an admission of truth of such request.

In the event a request is objected to, please specifically state (a) the legal or factual basis for the objection, and (b) the extent to which you refuse to comply with the request. Pursuant to Rule 193.2(b) of the Texas Rules of Civil Procedure, a party must comply with as much of the request to which the party has made no objection unless it is unreasonable under the circumstances to do so before obtaining a ruling on the objection.



EXHIBIT
D

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361)985-0600
Fax. (361)985-0601

By: _____
    Thomas J. Henry
    State Bar No. 09484210
    Bryan Schoeppey
    State Bar No. 00797387

    ATTORNEYS FOR PLAINTIFFS

## DEFINITIONS AND INSTRUCTIONS

1.      As used herein, the terms "you" and "your" shall refer to GRAND STAR TRUCKING, INC's attorneys, agents, and all other natural persons or business or legal entities acting or purporting to act for or on behalf of GRAND STAR TRUCKING, INC. whether authorized to do so or not.

2.      As used herein, the term "documents" shall mean all writings of every kind, source and authorship, both originals and all nonidentical copies thereof, in your possession, custody, or control, or known by you to exist, irrespective of whether the writing is one intended for or transmitted internally by you, or intended for or transmitted to any other person or entity, including without limitation any government agency, department, administrative, or private entity or person. The term shall include handwritten, typewritten, printed, photocopied, photographic, or recorded matter.  It shall include communications in words, symbols, pictures, sound recordings, films, tapes, and information stored in, or accessible through, computer or other information storage or retrieval systems, together with the codes and/or programming instructions and other materials necessary to understand and use such systems.  For purposes of illustration and not limitation, the term shall include:  affidavits; agendas; agreements; analyses; announcements; bills, statements, and other records of obligations and expenditures; books; brochures; bulletins; calendars; canceled checks, vouchers, receipts and other records of payments; charts or drawings; check registers; checkbooks; circulars; collateral files and contents; contracts; corporate bylaws; corporate charters; correspondence; credit files and contents; deeds of trust; deposit slips; diaries; drafts; files; guaranty agreements; instructions; invoices; ledgers, journals, balance sheets, profit and loss statements, and other sources of financial data; letters; logs, notes, or memoranda of telephonic or face-to-face conversations; manuals; memoranda of all kinds, to and from any persons, agencies, or entities; minutes; minute books; notes; notices; parts lists; papers; press releases; printed matter (including books, articles, speeches, and newspaper clippings); purchase orders; records; records of administrative, technical, and financial actions taken or recommended; reports; safety deposit boxes and contents and records of entry; schedules; security agreements; specifications; statements of bank accounts; statements; interviews; stock transfer ledgers; technical and engineering reports, evaluations, advice, recommendations, commentaries, conclusions, studies, test plans, manuals, procedures, data, reports, results, and conclusions; summaries, notes, and other records and recordings of any conferences, meetings, visits, statements, interviews or telephone conversations; telegrams; teletypes and other communications sent or received; transcripts of testimony; UCC instruments; work papers; and all other writings, the contents of which relate to, discuss, consider, or otherwise refer to the subject matter of the particular discovery requested.

3.      In accordance with Tex. R. Civ. P. Rule 192.7, a document is deemed to be in your possession, custody or control if you either have physical possession of the item or have a right to possession of the item that is equal or superior to the person who has physical control of the item.

4.      "Person":  The term "person" shall include individuals, associations, partnerships, corporations, and any other type of entity or institution whether formed for business purposes or any other purposes.

5.      "Identify" or "Identification":

(a)    When used in reference to a person, "identify" or "identification" means to state his or her full name, present or last known residence address, present or last known business address and telephone number.

(b)    When used in reference to a public or private corporation, governmental entity, partnership or association, "identify" or "identification" means to state its full name, present or last known business address or operating address, the name of its Chief Executive Officer and telephone number.

(c)    When used in reference to a document, "identify" or "identification" shall include statement of the following:

(i) the title, heading, or caption, if any, of such document;

(ii) the identifying number(s), letter(s), or combination thereof, if any; and the significance or meaning of such number(s), letter(s), or combination thereof, if necessary to an understanding of the document and evaluation of any claim of protection from discovery;

(iii) the date appearing on such document; if no date appears thereon, the answer shall so state and shall give the date or approximate date on which such document was prepared;

(iv) the number of pages and the general nature or description of such document (i.e., whether it is a letter, memorandum, minutes of a meeting, etc.), with sufficient particularity so as to enable such document to be precisely identified;

(v) the name and capacity of the person who signed such document; if it was not signed, the answer shall so state and shall give the name of the person or persons who prepared it;

(vi) the name and capacity of the person to whom such document was addressed and the name and capacity of such person, other than such addressee, to whom such document, or a copy thereof, was sent; and

(vii) the physical location of the document and the name of its custodian or custodians.

6.     *"Defendants"* As used herein the term "defendants" means GRAND STAR TRUCKING, INC. and Loren Lee Chan their departments, agencies, subdivisions, their employees, drivers, independent contractors, owner operators, trip lessors and their attorneys, investigators, brokers, agents, or any other representatives.

7.     *"Accident" or "Incident"* As used herein the term "accident" or "incident" means the crash occurring on or about July 15, 2016, in Bexar County, Texas.

8.     *"Accident Files and Records"* The term "accident files and records", as used herein is intended to have broad reference to all forms of recorded information, including writings, recordings as defined in the Texas Rules of Evidence, and includes reports, memorandums, correspondence, maps, diagrams, pictures, blueprints, plats, and other related objects and documents inclusive of those records and reports required by state or Federal Motor Carrier Safety Regulations (FMCSR) Part 390.15.

9.     *"Co-Driver"* As used herein "co-driver" means any person or persons driving or riding with Driver in over-the-road motor carrier equipment, owned or operated by the defendants, and from time to time working with Driver in the capacity of a co-driver.

10.     *"Driver or drivers"* As used herein the term "driver or drivers" means drivers employed or contracted with the defendants, including persons known as independent contractors, owner operators.

11.     *"Driver's personnel file"* The term "driver's personnel file", as used herein means any and all records, communications or documents created by a driver, or any other person or organization that are directed to, from, or about, a driver including, but not limited to such things as:

    (a.)   Hiring, suspension, termination or warning notices and any other disciplinary type documents.

    (b.)   Prior vehicular, cargo or other types of accidents or loss reports inclusive of cargo loss or shortage reports, and released documents to each incident.

12.     *Truck:* The term "truck" as used herein means motor vehicle being operated by the driver at the time the accident or incident occurred.

13.     *Complete and Clearly Readable Copies:* As used herein, the terms complete and clearly readable copies" means copies that are not reduced in size, unless the document being copied exceeds the size of normally available copy paper, and is a complete copy of the document clearly readable to the average person. Plaintiffs requests that each document that is reproduced by copy methods to satisfy this request, be reproduced on one page (one document per page), separate and apart from all other documents produced. If the copies reproduced to satisfy any request herein are not clearly readable, Plaintiffs(s) requests the originals be produced for purposes of viewing and copying by the Plaintiffs(s). The originals will be timely returned to the producing defendant.

14.     *Fleet Manager/Dispatcher:* As used herein "fleet Manager" or "dispatcher" means any person(s) who is assigned by the defendants to monitor, supervise, assign, assist or control the movements of the Driver as it relates to his daily trip and operational activities which includes but is not limited to the assignment of loads, routes, pickup and delivery locations, fuel locations and any other interactive activities.

15.     *Company Policy/Procedural Manuals:* A term "company policy/procedural manuals" as used herein is intended to have a broad reference to all forms of recorded information, including writings, publications, whether electronic or hard copy, covering subjects including but not limited to operations, safety, training, hiring, qualifying, discipline, awards, rewards, accidents, maintenance, and administration available to or utilized by any employee of the defendant.

## USE OF DEFINITIONS

The use of any particular gender in the plural or singular number of the words defined under paragraph "I", "Definitions" is intended to include the appropriate gender or number as the text of any particular request for production of documents may require.

## REQUESTS FOR PRODUCTION

1.   Any and all phone bills relative to phones used by Loren Lee Chan for the period of January 1, 2015 through July 15, 2016. (Please produce each monthly billing for the cell phone usage by Loren Lee Chan, the actual call records are requested in this request for production).

2.   Any and all worker's compensation records pertaining to Loren Lee Chan.

3.   A complete copy of Loren Lee Chan's employment file to include, but not be limited to the following:

   a.   Loren Lee Chan's completed application;
   b.   copy of Loren Lee Chan's driver's license;
   c.   responses to the request for employment references;
   d.   request for information from previous employer;
   e.   annual driving record inquiries and reviews;
   f.   request for check of driving record;
   g.   background checks;
   h.   certificate relating to motor vehicle convictions;
   i.   records for controlled substances and alcohol testing for the period of 2013, 2014, 2015, and 2016;
   j.   employment eligibility verification;
   k.   written examination and certificate;
   l.   answers to written examination;
   m.   annual evaluations;
   n.   reprimands;
   o.   termination notice;
   p.   wage information, including W-2s, paycheck stubs or expense; reimbursement; and,
   q.   timesheets for 2016.

4.   The driver's personnel file and payroll records of Loren Lee Chan.

5.   All documents related to any investigation performed by GRAND STAR TRUCKING, INC. of the accident on July 15, 2016, involving Loren Lee Chan and the Plaintiffs, as well as any disciplinary action taken as a result of such investigation.

6.   Any and all records from the tachograph or other on-board recording device or a satellite location device, like QualComm from July 1, 2015 through July 15, 2016.

7.   Any and all reports generated in your office of licenses, insurance, registration for employees who drive for your company for the year preceding the accident made the basis of this lawsuit.

8. Any and all work orders, instructions, and sales receipt given to your driver, Loren Lee Chan on July 15, 2016.

9. A copy of all driver compliance reports held in your office.

10. Any and all automobile accident report files involving your company employees for one year prior to the incident made the basis of this suit.

11. All photographs, videotapes, movies, and other graphic representations of the scene of the collision, the vehicles involved, and the parties involved.

12. A copy of any photographs of the property damage to the vehicle driven by Loren Lee Chan at the time of the incident made the basis of this suit.

13. All photographs of the vehicle driven by Plaintiffs at the time of the accident made the basis of this suit.

14. All photographs of the roadway where the accident made the basis of this suit occurred.

15. All documents and records relating to the damage and/or repair to all vehicles involved in the collision made the basis of this suit, including, but not limited to, photographs, repair estimates, supplemental estimates, and salvage reports.

16. A copy of all your medical records, doctor or hospital records, reports, or medical documents of any kind containing information about Loren Lee Chan arising from this accident.

17. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Plaintiffs(s) and/or concerning the medical or physical condition of the Plaintiffs(s) which are in the possession or constructive possession, custody or control of the defendant, Defendant's attorney or anyone acting on Defendant's behalf.

18. A copy of all documents relating to any criminal records pertaining to Plaintiffs or any witnesses.

19. Complete and legible photocopies of all statements taken from the Plaintiffs or any witnesses or persons with knowledge of relevant facts.

20. Complete and fully audible duplicate audio tapes, video tapes, and electronic recordings of all statements given by or taken from the Plaintiffs, Defendant or any witnesses or persons with knowledge of relevant facts, including complete and legible transcripts.

21. All plats, surveys, diagrams, sketches, maps, and photographs of the scene of the collision and the vehicles involved.

22. All investigative reports relating to the incident in question, including all documents, memoranda, photographs, videotapes, movies, statements, reports, drawings, communications, and tangible things attached to such reports, or referred to therein.

23. All documents evidencing ownership of the vehicle Loren Lee Chan was driving at the time of the incident in question.

24. Any and all documentation reflecting Loren Lee Chan's hours, jobs completed and/or assigned for the time period July 1, 2015 through July 15, 2016 including, but not limited to pre-trip, post trip, log book, trip ticket records, charge tickets, mileage reimbursement receipt or pay stub, or receipts completed by or on behalf of Loren Lee Chan prepared in the course and scope of his employment with you.

25. All documents, records, reports, notations, and memoranda relating to any insurance claims, including property damage claims, or worker's compensation claims made by you as a result of this incident.

26. All newspaper articles and/or television news videos that pertain to or reference the collision.

27. All medical records or other documents which you contend show pre-existing medical condition relevant to Plaintiffs' claim.

28. All documents supporting each and every factor which you now contend or will contend at trial caused or contributed to the Plaintiffs' damages including, but not limited to, pre-existing physical or medical conditions of the Plaintiffs.

29. A copy of all medical records, doctor or hospital records, reports, or medical documents of any kind containing information about the Loren Lee Chan.

30. Any and all documentation that describes your driver bonus incentive program.

31. Your investigation file for all drivers in the previous 24 months.

32. Any and all written reports regarding the incident which forms the basis of this suit including any and all e-mails.

33. Complete driver's qualification file pertaining to Loren Lee Chan, including but not limited to the following:

      (a)    check sheet for driver's forms;
      (b)    application for employment;
      (c)    employment eligibility verification;
      (d)    certificate of compliance;
      (e)    request for check of driving record;
      (f)    request for information from previous employer;
      (g)    record and certificate of road test;

      (h)     written examination and certificate;
      (i)      answers to written examination;
      (j)      driver's physical examination certificate with the expiration date;
      (k)     controlled substance test results;
      (l)      driver's data sheet;
      (m)    record of violations;
      (n)     annual review of driving record;
      (o)     notice of disqualification; and
      (p)     pocket cards.

34.     A copy of Loren Lee Chan driver's license.

35.     Time sheets for Loren Lee Chan for the six-months preceding and including the day of the incident made the basis of this lawsuit.

36.     Your company's driver's manual.

37.     Your company's safety manual.

38.     Your employee safety manual.

39.     Your company's safety program and driver attendance records pertaining to Loren Lee Chan.

40.     The previous 24 months of monthly executive safety meeting notes and agendas.

41.     The previous 24 months' individual quarterly meetings with each and every employee driver.

42.     Any and all documents showing the names of all employees who were on the executive safety committee from the previous 24 months.

43.     The employee handbook in effect for the previous 24 months.

44.     The safety manual that is being drafted at the current time which has not yet been approved. (please produce all drafts and re-drafts that exists).

45.     Any and all documentation showing the structure for disciplinary action.

46.     Your alcohol and drug testing results for all drivers in the previous 24 months.

47.     Minutes from your quarterly safety meetings in 2015-2016.

48.     Any and all safety material provided in such safety meeting provided quarterly in the year of the incident made the basis of this suit.

49.     Any and all documents referencing or relating to safety meetings held at Defendants' facilities including minutes and logs of attendance from July 1, 2015 to July 15, 2016.

50. A copy of each primary, umbrella, and excess insurance policy or agreement, including the declarations page, which was in effect at the time of the collision including all non-waiver agreements, reservation of rights letters, or other documents or communications regarding insurance coverage.

51. All reports, publications, regulations, or other documents evidencing any safety standards, laws, regulations, ordinances, or industry standards which you contend or will contend at trial were violated by the Plaintiffs.

52. All documents, records, reports, notations, or memoranda regarding the Plaintiffs from persons or entities that compile claim information, insurance claims, and worker's compensation claims, specifically including the Southwest Index Bureau and all similar persons or entities.

53. All published documents, treatises, periodicals or pamphlets on the subject of medicine, accident reconstruction, and any other area of scientific study that you claim to be a reliable authority which may be used by you at the time of trial.

54. All documents, reports, publications, and regulations evidencing safety standards, laws, regulations, ordinances, or industry standards which you now contend or will contend at trial support any defensive theory.

55. Any and all settlement agreements, wherein you have arrived at a settlement or agreement between you and any other person, whether or not a party to this lawsuit, regarding or pertaining to the incident made the basis of this lawsuit or any damages resulting therefrom.

56. Any and all books, documents or other tangible things which may be used at the time of trial, which may have a bearing on Plaintiffs' cause of action.

57. All documents, tangible things, and electronic or magnetic data obtained by depositions on written questions in this cause.

58. Any and all phone bills relative to phones located in the vehicle at the time of the incident made the basis of this suit for the period of January 1, 2015 through July 15, 2016. (Please produce each monthly billing for the cell phone usage by said phone, the actual call records are requested in this request for production).

59. All billings, receipts, invoices and monthly statements for any credit cards used by Loren Lee Chan from January 1, 2015 through July 15, 2016.

60. Any and all records from the tachograph or other on-board recording device or a satellite location device like QualComm from June 1, 2015 through July 15, 2016.

61. Any and all agreements, contracts or written arrangements in effect on the date of the accident with Loren Lee Chan including but not limited to, any contracts to perform transportation services on behalf of GRAND STAR TRUCKING, INC., by Loren Lee Chan.

62.   Any contracts, lease or rental agreements, involving the 2012 Freightliner that Loren Lee Chan was driving on the date of the collision, that were in effect on the date of the Collison.

63.   All computer run dispatch or operational daily summary data, including all computer run information, related to Loren Lee Chan for the three (3) years prior to July 15, 2016.

64.   Any traffic citations, terminal or road equipment and driver compliance inspections, warnings or citations issued to Loren Lee Chan by any law enforcement official or agency.

65.   All accident files and records of GRAND STAR TRUCKING, INC., including but not limited to, any reports, correspondence or documentation sent to or received from any persons or organizations and reports made by Loren Lee Chan or GRAND STAR TRUCKING, INC., in reference to the accident.

66.   Any and all other files and records maintained by defendants in reference to any vehicular accident prior to the accident in question where Defendant Loren Lee Chan was the driver of a vehicle involved in the prior accidents.

PRIVATE PROCESS

Case Number: 2017-CI-04340

2017CI04340  S00001

CONSTANCE STOKES ETAL
VS.
LOREN L CHAN ETAL
(Note:Attached Document May Contain Additional Litigants.)

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

## CITATION

"THE STATE OF TEXAS"

Directed To: LOREN LEE CHAN

Bix Wells
Pronto Process
210-226-7192

4/4/17

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 8th day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF MARCH A.D., 2017.

PETITION

BRYAN SCHOEPPEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344



**Donna Kay McKinney**
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel,* Deputy

OFFICER'S RETURN

I received this citation on _____ at _____ o'clock ___M. and:(  ) executed it by delivering a copy of the citation with the date of delivery endorsed on it to the defendant,_____ in person on the _____ at _____o'clock ___M. at:_____ or (  ) not executed because _____ Fees:_____ Badge/PPS #:_____
Date certification expires:_____

_____County, Texas

By:_____

OR:  VERIFICATION OF RETURN (If not served by a peace officer) SWORN TO this _____.

_____

NOTARY PUBLIC, STATE OF TEXAS

OR:  My name is_____, my date of birth is_____, and my address is _____, _____(County). I declare under penalty of perjury that the foregoing is true and correct. Executed in _____County, State of Texas, on the _____ day of_____, 20_____.

_____
Declarant

FILE COPY (DK002)

DOCUMENT SCANNED AS FILED

CERTIFIED MAIL #70151600000034275256 **Case Number: 2017-CI-04340**

2017CI04340   S00002

**CONSTANCE STOKES ETAL**

*Plaintiff*

vs.

**LOREN L CHAN ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GRAND STAR TRUCKING INC
BY TEXAS SECRETARY OF STATE

P O BOX 12079
AUSTIN TX 78711-2079

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 8th day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF MARCH A.D., 2017.

PETITION

BRYAN SCHOEPPEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205

By: *Lilyana Esquivel,* Deputy

MO   3/10/17

Officer's Return

Came to hand on the 10th day of March 2017, A.D., at 8:50 o'clock A.M. and EXECUTED (NOT EXECUTED) by CERTIFIED MAIL, on the _____ day of _____, A.D., 20___, by delivering to _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____.

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Lilyana Esquivel,* Deputy

FILE COPY (DK003)

DOCUMENT SCANNED AS FILED

CERTIFIED MAIL #70151600000034275256   **Case Number: 2017-CI-04340**

**CONSTANCE STOKES ETAL**

*Plaintiff*

vs.

**LOREN L CHAN ETAL**

*Defendant*

(Note: Attached document may contain additional litigants).

**"THE STATE OF TEXAS"**

**DIRECTED TO:** GRAND STAR TRUCKING INC
BY TEXAS SECRETARY OF STATE

P O BOX 12079
AUSTIN TX 78711-2079

2017CI04340  S00002

IN THE DISTRICT COURT
438th JUDICIAL DISTRICT
BEXAR COUNTY, TEXAS

**CITATION**

**FILED**
☒ O'CLOCK ___ M

MAR 1 8 2017
DONNA KAY McKINNEY
District Clerk, Bexar County, Texas

BY _____
DEPUTY

"You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you." Said petition was filed on the 8th day of March, 2017.

ISSUED UNDER MY HAND AND SEAL OF SAID COURT ON THIS 10TH DAY OF MARCH A.D., 2017.

PETITION

BRYAN SCHOEPPEY
ATTORNEY FOR PLAINTIFF
521 STARR ST
CORPUS CHRISTI, TX 78401-2344



**Donna Kay McKinney**
**Bexar County District Clerk**
101 W. Nueva, Suite 217
San Antonio, Texas 78205
By: *Lilyana Esquivel,* Deputy

---

Officer's Return

Came to hand on the 10th day of March 2017, A.D., at  8:50 o'clock A.M. and EXECUTED (NOT EXECUTED) by  CERTIFIED MAIL, on the __13__ day of _March_, A.D., 20_17_, by delivering to _____ _SPO/CPA_ _____ a true copy of this Citation, upon which I endorse the date of delivery, together with the accompanying copy of the PETITION

Cause of failure to execute this Citation is _____

**Donna Kay McKinney**
Clerk of the District Courts of
Bexar County, Texas

By: *Lilyana Esquivel,* Deputy

RETURN TO COURT (DK003)

DOCUMENT  SCANNED  AS  FILED



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

# OFFICIAL USE

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage

GRAND STAR TRUCKING INC
C/O TEXAS SECRECTARY OF STATE
P O BOX 12079
AUSTIN, TX 78711-2079

2017CI04340 3/10/2017 CITCH LILYANA ESQUIVEL

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

7015 1660 0000 3427 5256

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GRAND STAR TRUCKING INC
C/O TEXAS SECRETARY OF STATE
P O BOX 12079
AUSTIN, TX 78711-2079

2017C1B4340  3/10/2017  CITCH LILYANA ESQUIVEL

9590 9401 0000 5205 5459 97

2. Article Number (Transfer from service label)

7015 1660 0000 3427 5256

PS Form 3811, April 2015 PSN 7530-02-000-9053  DOCUMENT SCANNED AS FILED  Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X  ☐ Agent
   ☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

SPD/CPA

MAR 13 2017

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery



UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Donna Kay McKinney
Bexar County District Clerk
101 W. Nueva, Suite 217
San Antonio, TX 78205

FILED
DONNA KAY McKINNEY
DISTRICT CLERK
BEXAR COUNTY

2017 MAR 16 P 1:25

DEPUTY

BY

USPS TRACKING#

9590 9401 0000 5205 5459 97

FILED
3/31/2017 3:09:14 PM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

CAUSE NO. 2017CI04340

| | | |
|---|---|---|
| CONSTANCE STOKES AND BRANDON THOMPSON | § § § | IN THE DISTRICT COURT |
| V. | § § § | 438TH JUDICIAL DISTRICT |
| LOREN LEE CHAN AND GRAND STAR TRUCKING, INC. | § § | BEXAR COUNTY, TEXAS |

## DEFENDANT'S, GRAND STAR TRUCKING, INC., ORIGINAL ANSWER, SPECIAL EXCEPTIONS, REQUEST FOR DISCLOSURE, RULE 193.7 NOTICE AND JURY DEMAND

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, GRAND STAR TRUCKING, INC., Defendant in the above-entitled and numbered cause, and for answer to the Plaintiffs' pleading on file herein, would respectfully show unto the Court as follows:

## GENERAL DENIAL

### I.

Subject to such stipulations and admissions as may hereafter be made, this Defendant asserts a General Denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that the Plaintiffs be required to prove the charges and allegations against this Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## SPECIAL EXCEPTIONS

### II.

Defendant specially excepts and objects to Plaintiffs' Original Petition on the following grounds: in the body of their Petition, and in the Prayer, Plaintiffs fail to state the maximum amount of damages sought by way of their lawsuit as required under Texas Rule of Civil Procedure 47.

Further, Plaintiffs' Original Petition fails to comply with Texas Rule of Civil Procedure 47(c) (which went into effect on March 1, 2013), and thus "may not conduct discovery until the party's pleading is amended to comply." Tex. R. Civ. P. 47(d). Absent such clarification, Plaintiffs' pleading is vague, general, and fails to fairly apprise Defendant of the maximum amount of damages being sought in this case. Plaintiffs should be held to amending their pleading to state the maximum amount of damages sought in compliance with Rule 47; otherwise, Defendant cannot effectively evaluate the case and adequately prepare for trial.

## AFFIRMATIVE DEFENSE

### III.

By way of affirmative defense, Defendant contends that at the time and on the occasion in question, there was a failure on the part of the Plaintiff, Constance, Stokes, to exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar circumstances which proximately caused or contributed to any or all of the injuries or damages sustained and Defendant invokes the doctrine of comparative and/or contributory negligence.

### IV.

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendant contends that the damages and injuries, if any, that Plaintiffs, CONSTANCE STOKES AND BRANDON THOMPSON, are alleging is the result of a condition(s) existing before, and/or arising subsequent to the alleged occurrence in question and Plaintiffs' damages, if any, are the result of a pre-existing and/or subsequent condition, accident, or occurrence, and were not proximately caused by the alleged occurrence in question.

### V.

Defendant further asserts that Plaintiffs are barred from recovery by the doctrine of proportionate responsibility, or alternatively, that Plaintiffs' damages should be reduced by a percentage equal to Plaintiffs' percentage of responsibility pursuant to Tex. Civ. Prac. & Rem. Code Sections 33.001 and 33.012.

### VI.

Pleading further, if same be necessary, this Defendant asserts that any recovery of medical expenses by Plaintiffs be limited to those amounts that are both reasonable and necessary and actually paid or incurred by or on behalf of the Plaintiffs as mandated by Section 41.0105 of the Texas Civil Practice and Remedies Code.

### VII.

Without waiving its general denial and affirmative defenses set forth herein, Defendant hereby reasserts that it expressly denies any liability to Plaintiffs whatsoever for any damages; however, should Defendant be found responsible for any exemplary damages to Plaintiffs, Defendant hereby invoke the limitation on the amount of any such recovery pursuant to Texas Civil Practice and Remedies Code section 41.008.

### VIII.

Without waiving its general denial and affirmative defenses set forth herein, Defendant further plead that any award of punitive damages violates the provisions of the Constitution of the United States and the Texas Constitution in the following separate and distinct respects:

(1)     To the extent the jury is not given adequate definition of punitive or exemplary damages and/or is not given adequate guidelines on which to base an award of punitive or exemplary damages, then any such award of punitive or exemplary damages violates Article 1, Section

13 of the Texas Constitution and the Eighth Amendment of the Unites States Constitution, and violates Defendant's rights to substantive and procedural due process as provided in Article 1, Section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the Unites States Constitution;

(2)   Plaintiffs' claims, if any, for exemplary damages are controlled by Texas Civil Practice and Remedies Code, Chapter 41 et seq., which requires, among other things, that a separate question be submitted on each Defendant with respect to exemplary damages (Section 41.006), that prejudgment interest does not apply to exemplary damages (Section 41.007), and that the Court is instructed to limit such damages in accordance with the provisions of Section 41.008.   Defendant further invokes the limitations on the amount of recovery imposed under Section 41.008; and

(3)   Further, under the common law of the State of Texas, a finding of negligence or gross negligence on the part of Plaintiffs will be a total bar to his recovery of any exemplary damages whatsoever.

## REQUEST FOR DISCLOSURE

### IX.

Plaintiffs are requested to disclose, within thirty (30) days of service of this request, the information or material described in Rule 194.2(a)-(l) of the Texas Rules of Civil Procedure.

## RULE 193.7 NOTICE

### X.

Pursuant to Texas Rules of Civil Procedure 193.7, Defendant gives notice to Plaintiffs that any and all documents and things produced by Plaintiffs may be used at any pretrial proceeding and/or the trial of this case without the necessity of authenticating said documents and things.

## JURY DEMAND

### XI.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby makes demand and application for jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant, GRAND STAR TRUCKING, INC., prays that upon final hearing hereof, Defendant have judgment that Plaintiffs take nothing by way of this cause of action, and that Defendant go hence without day for costs.

Defendant further prays that the Court grant Defendant's Special Exceptions and that the Plaintiffs' pleading be stricken if the Plaintiffs fail to replead, or that the Court order such other relief to which Defendant may be justly entitled.

Respectfully submitted,

LAW OFFICE OF MARK E. MACIAS
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE

_____

GORDON O. STAFFORD, JR.
State Bar No. 18995000
Staffg1@nationwide.com

ATTORNEY FOR DEFENDANT
**GRAND STAR TRUCKING, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 31st day of March, 2017.

Bryan Schoeppey
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX  78401
361.985.0600
361.985.0601 Facsimile
Bschoeppey-svc@tjhlaw.com
*Attorney for Plaintiffs, Constance Stokes and Brandon Thompson*

_____
GORDON O. STAFFORD, JR.

FILED
4/11/2017 10:56:53 AM
Donna Kay McKinney
Bexar County District Clerk
Accepted By: Christopher Morrow

CAUSE NO. 2017CI04340

| | | |
|---|---|---|
| CONSTANCE STOKES AND BRANDON THOMPSON | § § § | IN THE DISTRICT COURT |
| V. | § § § | 438TH JUDICIAL DISTRICT |
| LOREN LEE CHAN AND GRAND STAR TRUCKING, INC. | § § § | BEXAR COUNTY, TEXAS |

## **DEFENDANT'S, LOREN LEE CHAN, ORIGINAL ANSWER**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, LOREN LEE CHAN, Defendant in the above-entitled and numbered cause, and for answer to the Plaintiffs' pleading on file herein, would respectfully show unto the Court as follows:

## **GENERAL DENIAL**

### I.

Subject to such stipulations and admissions as may hereafter be made, this Defendant asserts a General Denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and Defendant respectfully requests that the Plaintiffs be required to prove the charges and allegations against this Defendant by a preponderance of the evidence as is required by the Constitution and the laws of the State of Texas.

## **AFFIRMATIVE DEFENSES**

### II.

By way of affirmative defense, Defendant contends that at the time and on the occasion in question, there was a failure on the part of the Plaintiff, Constance, Stokes, to exercise that degree of care which an ordinarily prudent person would have exercised under the same or similar

circumstances which proximately caused or contributed to any or all of the injuries or damages sustained and Defendant invokes the doctrine of comparative and/or contributory negligence.

III.

By way of further affirmative defense, while continuing to deny liability as indicated above, Defendant contends that the damages and injuries, if any, that Plaintiffs, CONSTANCE STOKES AND BRANDON THOMPSON, are alleging is the result of a condition(s) existing before, and/or arising subsequent to the alleged occurrence in question and Plaintiffs' damages, if any, are the result of a pre-existing and/or subsequent condition, accident, or occurrence, and were not proximately caused by the alleged occurrence in question.

IV.

Defendant further asserts that Plaintiffs are barred from recovery by the doctrine of proportionate responsibility, or alternatively, that Plaintiffs' damages should be reduced by a percentage equal to Plaintiffs' percentage of responsibility pursuant to Tex. Civ. Prac. & Rem. Code Sections 33.001 and 33.012.

V.

Pleading further, if same be necessary, this Defendant asserts that any recovery of medical expenses by Plaintiffs be limited to those amounts that are both reasonable and necessary and actually paid or incurred by or on behalf of the Plaintiffs as mandated by Section 41.0105 of the Texas Civil Practice and Remedies Code.

VI.

Without waiving its general denial and affirmative defenses set forth herein, Defendant hereby reasserts that it expressly denies any liability to Plaintiffs whatsoever for any damages; however, should Defendant be found responsible for any exemplary damages to Plaintiffs,

Defendant hereby invoke the limitation on the amount of any such recovery pursuant to Texas Civil Practice and Remedies Code section 41.008.

VII.

Without waiving its general denial and affirmative defenses set forth herein, Defendant further pleads that any award of punitive damages violates the provisions of the Constitution of the United States and the Texas Constitution in the following separate and distinct respects:

(1)     To the extent the jury is not given adequate definition of punitive or exemplary damages and/or is not given adequate guidelines on which to base an award of punitive or exemplary damages, then any such award of punitive or exemplary damages violates Article 1, Section 13 of the Texas Constitution and the Eighth Amendment of the Unites States Constitution, and violates Defendant's rights to substantive and procedural due process as provided in Article 1, Section 19 of the Texas Constitution and the Fifth and Fourteenth Amendments to the Unites States Constitution;

(2)     Plaintiffs' claims, if any, for exemplary damages are controlled by Texas Civil Practice and Remedies Code, Chapter 41 et seq., which requires, among other things, that a separate question be submitted on each Defendant with respect to exemplary damages (Section 41.006), that prejudgment interest does not apply to exemplary damages (Section 41.007), and that the Court is instructed to limit such damages in accordance with the provisions of Section 41.008.   Defendant further invokes the limitations on the amount of recovery imposed under Section 41.008; and,

(3)     Further, under the common law of the State of Texas, a finding of negligence or gross negligence on the part of Plaintiffs will be a total bar to their recovery of any exemplary damages whatsoever.

## JURY DEMAND

### VIII.

Pursuant to Rule 216 of the Texas Rules of Civil Procedure, Defendant hereby makes demand and application for jury trial.

WHEREFORE, PREMISES CONSIDERED, Defendant, LOREN LEE CHAN, prays that upon final hearing hereof, Defendant have judgment that Plaintiffs take nothing by way of this cause of action, and that Defendant go hence without day for costs.

Respectfully submitted,

LAW OFFICE OF MARK E. MACIAS
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX 78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE

GORDON O. STAFFORD, JR.
State Bar No. 18995000
Staffg1@nationwide.com

ATTORNEY FOR DEFENDANT
LOREN LEE CHAN

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 11th day of April, 2017.

Bryan Schoeppey
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX  78401
361.985.0600
361.985.0601 Facsimile
Bschoeppey-svc@tjhlaw.com
*Attorney for Plaintiffs, Constance Stokes and Brandon Thompson*

GORDON O. STAFFORD, JR.

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **CONSTANCE STOKES AND BRANDON THOMPSON,** | § § § | |
| **Plaintiffs,** | § § | |
| **v.** | § § § | Case No. _____ |
| **LOREN LEE CHAN AND GRAND STAR TRUCKING, INC.** | § § § § | |
| **Defendants.** | § § | |

## LIST OF COUNSEL OF RECORD

Defendants, Grand Star Trucking, Inc. and Loren Lee Chan, by and through undersigned counsel, hereby submit the following List of Counsel of Record:

1.  <u>Counsel for Defendants, Grand Star Trucking, Inc. and Loren Lee Chan</u>
    Gordon O. Stafford, Jr.
    State Bar No. 18995000
    Law Office of Mark E. Macias
    1100 Northwest Loop 410, Suite 370
    San Antonio, TX  78213-2200
    (210) 949-0166
    (855) 949-1338 Facsimile
    staffg1@nationwide.com

2.  <u>Counsel for Plaintiffs Constance Stokes and Brandon Thompson</u>
    Thomas J. Henry
    State Bar No. 09484210
    Bryan Schoeppey
    State Bar No. 00797387
    The Law Office of Thomas J. Henry
    521 Starr Street
    Corpus Christi, TX  78401
    361.985.0600
    361.985.0601 Facsimile
    Bschoeppey-svc@tjhlaw.com

LAW OFFICE OF MARK E. MACIAS
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE

_____
GORDON O. STAFFORD, JR.
State Bar No. 18995000
Staffg1@nationwide.com

ATTORNEY FOR DEFENDANTS
**GRAND STAR TRUCKING, INC. and
LOREN LEE CHAN**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 11th day of April, 2017.

Bryan Schoeppey
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX  78401
361.985.0600
361.985.0601 Facsimile
Bschoeppey-svc@tjhlaw.com
*Attorney for Plaintiffs, Constance Stokes and Brandon Thompson*

_____
GORDON O. STAFFORD, JR.

# EXHIBIT C

CAUSE NO. 2017CI04340

| | | |
|---|---|---|
| CONSTANCE STOKES AND | § | IN THE DISTRICT COURT |
| BRANDON THOMPSON | § | |
| | § | |
| V. | § | 438TH JUDICIAL DISTRICT |
| | § | |
| LOREN LEE CHAN AND | § | |
| GRAND STAR TRUCKING, INC. | § | BEXAR COUNTY, TEXAS |

## DEFENDANTS' GRAND STAR TRUCKING, INC. AND LOREN LEE CHAN, NOTICE OF REMOVAL TO FEDERAL COURT

Defendants **GRAND STAR TRUCKING, INC.** and **LOREN LEE CHAN** file this Notice of Removal to Federal Court, giving notice that on this date, Cause No. 2015-CI-12481 was removed from the 438th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division. A true and correct copy of the complete federal court Notice of Removal is attached hereto as **Exhibit A.**

Respectfully submitted,

LAW OFFICE OF MARK E. MACIAS
1100 NORTHWEST LOOP 410, SUITE 370
SAN ANTONIO, TX  78213-2200
(210) 949-0166
(855) 949-1338 FACSIMILE

_____
GORDON O. STAFFORD, JR.
State Bar No. 18995000
Staffg1@nationwide.com

ATTORNEY FOR DEFENDANTS
**GRAND STAR TRUCKING, INC. and
LOREN LEE CHAN**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been forwarded to the following in accordance with the Texas Rules on the 12th day of April, 2017.

Bryan Schoeppey
THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, TX  78401
361.985.0600
361.985.0601 Facsimile
Bschoeppey-svc@tjhlaw.com
*Attorney for Plaintiffs, Constance Stokes and Brandon Thompson*

_____
GORDON O. STAFFORD, JR.