IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONSTANCE STOKES AND | § | |
| BRANDON THOMPSON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO.: SA-17-CV-0318-FB |
| | § | |
| LOREN LEE CHAN AND | § | |
| GRAND STAR TRUCKING, INC. | § | DEMAND FOR JURY TRIAL |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Constance Stokes, hereinafter referred to by name or as Plaintiff, and complains of Grand Star Trucking, Inc. and Loren Lee Chan, ("Defendants"), and would respectfully show the Court as follows:

## I.
## THE PARTIES

1.      Plaintiff, Constance Stokes, is a citizen of the State of Texas.

2.      Defendant Grand Star Trucking, Inc. (hereinafter referred to as "GST") is a Foreign for profit Corporation incorporated under the laws of California and with its principal office at 912 N. 2ND St., Montebello, CA  90640.

3.      Defendant Loren Lee Chan (hereinafter referred to as "Chan") is an individual, and citizen of California residing in Los Angeles County, California.

## II.
## JURISDICTION AND VENUE

4.      Defendant filed Notice of Removal to Federal Court on April 12, 2017.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the accident that

forms the basis of this lawsuit occurred within this District.

6.     The claims herein are brought against Defendants pursuant to 28 U.S.C. §1332 for money damages as compensation for loss of property and personal injuries that were caused by the negligent and wrongful acts and omissions of Defendant and Defendant's employee.  The amount in controversy is over $75,000.00, excluding interest and costs.  There is complete diversity in that Plaintiff is a citizen of Texas and Defendants are either citizens of the state of California or a business incorporated in California and with its principal place of business located in California.

7.     Plaintiff requests a trial by jury.

### III.
### FACTS

8.     On or about July 15, 2016, Plaintiff, Constance Stokes, along with passenger Brandon Thompson, were legally operating a 2012 Ford Fusion traveling westbound on IH-10 in Bexar County, Texas. Defendant, LOREN LEE CHAN, was operating 2012 Freightliner owned by GRAND STAR TRUCKING, INC. also traveling westbound on IH-10. As Plaintiff proceeded in her lane of travel, Defendant, LOREN LEE CHAN, suddenly and without warning attempted to change lanes and violently sideswiped Plaintiff's vehicle, causing Plaintiff's vehicle to spin out of control and hit a guardrail.

9.     Plaintiff would show unto the Court that Defendant Chan was acting in the course and scope of his employment for Defendant GST at the time of the occurrence.  Pleading alternatively, Plaintiff would show that Defendants GST negligently entrusted the subject 2012 Freightliner 18 wheeler to the Defendant Chan.

10.     This collision between Defendants' and Plaintiff's vehicle caused Plaintiff injuries to her body, as more fully set forth below.

**IV.**
**PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENT ENTRUSTMENT, AND**
**GROSS NEGLIGENCE AGAINST DEFENDANT GRAND STAR TRUCKING, INC.**

11.     Plaintiff hereby incorporates each of the foregoing paragraphs herein as if set forth in full in this section.

12.     Defendant Chan, as agent and employee of Defendant GST had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

13.     Plaintiff's injuries were proximately caused by Defendant Chan's negligent, careless and reckless disregard of said duty while in the course and scope of his employment for Defendant GST.

14.     At the time of the occurrence in question and immediately prior thereto, Defendant Chan was within the course and scope of his employment with Defendant GST.

15.     At the time of the occurrence in question and immediately prior thereto, Defendant Chan was engaged in the furtherance of Defendant GST's business.

16.     At the time of the occurrence in question and immediately prior thereto, Defendant Chan was engaged in accomplishing a task for which he was employed by Defendant GST.  Plaintiff invokes the doctrine of Respondeat Superior against Defendant GST.

17.     Defendant GST is also negligent in one or more of the following respects:

    a.      Negligent hiring of Loren Lee Chan;

    b.      Negligent training of Loren Lee Chan;

    c.      Negligent supervision and monitoring of Loren Lee Chan;

    d.      Negligent retention of Loren Lee Chan;

    e.      Negligent entrustment of Defendants GST's truck to Loren Lee Chan.

     f.     Defendants GST failed to implement adequate safety programs for the prevention of collisions by their employees in violation of motor carrier fleet industry standards;

     g.     Defendants GST failed to have an adequate safety program in place to ensure that an effective ongoing monitoring and training of its drivers occurred;

     h.     Defendant GST failed to train and ensure that Defendant Chan had the requisite knowledge and skill required of a driver of a commercial motor vehicle, in § 383.11 of the Federal Motor Carrier Safety Regulations (hereinafter referred to as FMCSR), specifically, § 383.111(4) Basic Control; § 383.111(7) Visual Search; § 383.111(9) Speed Management; § 383.111(10) Space Management; § 383.111(13) Hazard Perception; and § 383.111(14) Emergency Maneuvers.

18.     As described herein, Defendant GST was negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

19.     Plaintiff would further show that the Defendant's negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff as well as others similarly situated.

20.     The acts and/or omissions on the part of the Defendant constitute malice and/or gross negligence as that term is defined in §§ 41.001(7) and 41.001(11) TEXAS CIVIL PRACTICE & REMEDIES CODE in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendant was aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiff.

21.     Each of these acts and/or omissions of each of the Defendants, whether taken singularly or in any combination constitute negligence, negligence per se, gross negligence and

malice which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which she will continue to suffer in the future, if not for the remainder of her natural life, and the damages and other losses to Plaintiff.

## V.
## PLAINTIFF'S CLAIMS OF NEGLIGENCE, NEGLIGENCE PER SE AND GROSS NEGLIGENCE AGAINST DEFENDANT LOREN LEE CHAN

22.     Defendant Chan had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

23.     Plaintiff's injuries were proximately caused by Defendant Chan's negligent, careless, and reckless disregard of said duty.

24.     The negligent, careless, and reckless disregard of duty by Defendant Chan as employee and agent of Defendant Grand Star Trucking consisted of, but is not limited to, the following acts and omissions:

   a.     in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b.     in driving his vehicle at a rate of speed which was greater than that which an ordinary person would have driven under the same or similar circumstances, in failing to maintain control of his vehicle;

   c.     in failing to maintain control of his vehicle;

   d.     in failing to maintain a single lane of travel;

   e.     in failing to timely apply the brakes in an effort to avoid the impact with the Plaintiff;

   f.     in failing to drive defensively to avoid the impact with the Plaintiff;

   g.     in failing to make safe decisions while driving;

   h.     in failing to blow his horn to warn of imminent collision;

i.      in driving his vehicle in willful or wanton disregard for the safety of persons and/or property, including Plaintiff, in violation of Texas Transportation Code § 545.401;

j.      In attempting to change lanes of travel when it was unsafe to do so;

k.      In failing to conduct a proper visual search in accordance with § 383.111(7) of FMCSR;

l.      In failing to properly manage his speed, in accordance with § 383.111(9) of FMCSR;

m.      In failing to properly control the space around his vehicle in accordance with § 383.111(10) of FMCSR;

n.      In failing to conduce proper emergency maneuvers in accordance with § 383.111(14) FMCSR;

25.      Each of these acts and/or omissions by the Defendants whether taken singularly or in any combination constitutes negligence, negligence per se and gross negligence which proximately caused the collision and injuries and other losses as specifically set forth herein, all of which Plaintiff suffered and which Plaintiff will continue to suffer in the future, if not for the remainder of her natural life, and the damage and other losses to Plaintiff.

26.      As described herein, Defendants were negligent on the occasion in question and such negligence was the proximate cause of Plaintiff's injuries and damages.

## VI.
## COUNT VIII – GROSS NEGLIGENCE

27.      Plaintiffs would further show Defendants' negligent conduct was more than momentary thoughtlessness or inadvertence.  Rather, it involved an extreme degree of risk, considering the probability and magnitude of the potential harm to the Plaintiff and the general public.  Defendants had actual, subjective awareness of the risk involved but, nevertheless, proceeded with conscious indifference to the rights, safety, or welfare of the Plaintiff, as well as

others similarly situated.

28.     The acts and/or omissions on the part of the Defendants constitute malice and/or gross negligence as that term is defined in § 41.001(7) and § 41.001(11) of the Texas Civil Practice and Remedies Code, in that said conduct was heedless and reckless, constituting an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants were aware of the risk but, nevertheless, proceeded with conscious indifference to the rights, safety, and welfare of others, including the Plaintiffs.

29.     The above acts and/or omissions, whether taken singularly or in any combination, constitute negligence, gross negligence, and malice and were the proximate cause of the occurrence in question and the resulting injuries and damages sustained by Plaintiff.

## VI.
## DAMAGES FOR PLAINTIFF

30.     As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff suffered severe bodily injuries to her neck, back, shoulders, and other parts of her body generally.  The injuries have had a serious effect on the Plaintiff's health and well-being. Some of the effects are permanent and will abide with the Plaintiff for a long time into the future, if not for her entire life.  These specific injuries and their ill effects have, in turn, caused the Plaintiff physical and mental condition to deteriorate generally and the specific injuries and ill effects alleged have caused and will, in all reasonable probability, cause the Plaintiff to suffer consequences and ill effects of this deterioration throughout her body for a long time in the future, if not for the balance of her natural life.  As a further result of the nature and consequences of these injuries, the Plaintiff suffered great physical and mental pain, suffering and anguish and in all reasonable probability, will continue to suffer in this manner for a long time into the future, if not for the balance of her natural

life.

31.     Additionally, as a direct and proximate result of the occurrence made the basis of this

lawsuit, Plaintiff Constance Stokes was caused to incur the following damages:

a.      Reasonable medical care and expenses in the past. Plaintiff incurred these
        expenses for the necessary care and treatment of the injuries resulting from
        the accident complained of herein and such charges are reasonable and
        were usual and customary charges for such services in the county they
        were incurred;

b.      Reasonable and necessary medical care and expenses, which will, in all
        reasonable probability be incurred in the future;

c.      Physical pain and suffering in the past;

d.      Physical pain and suffering, which will, in all reasonable probability be
        suffered in the future;

e.      Physical impairment and disability in the past;

f.      Physical impairment and disability, which will, in all reasonable probability
        be suffered in the future;

g.      Lost earning capacity in the past;

h.      Loss of earning capacity, which will, in all reasonable probability be incurred
        in the future;

i.      Mental anguish in the past;

j.      Mental anguish which will, in all reasonable probability be suffered in the
        future;

k.      Physical disfigurement in the past, and which will, in all reasonable
        probability, be suffered in the future.

## VII.
## PREJUDGMENT AND POST-JUDGMENT INTEREST

33.     Plaintiff seeks pre-judgment and post-judgment interest as allowed by law.

## VIII.
## JURY DEMAND

34.     Plaintiff demands a trial by jury.  Plaintiff acknowledges payment of the required jury fee.

## IX.
## PRAYER

35.     WHEREFORE, PREMISES CONSIDERED, Plaintiff Constance Stokes  respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for actual damages as alleged and exemplary damages, in an amount within the jurisdictional limits of this Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

THE LAW OFFICE OF THOMAS J. HENRY
521 Starr Street
Corpus Christi, Texas 78401
Tel. (361) 985-0600
Fax. (361) 985-0601

By _____
Thomas J. Henry
State Bar No. 09484210
Alan Dale Hicks
State Bar No. 09575430

*Email: dhicks-svc@thomasjhenrylaw.com
**ATTORNEYS FOR PLAINTIFF**
***Service by email to this address only**

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record in accordance with the Rules of Civil Procedure on this 2nd day of April, 2018, as follows:

**Gordon O. Stafford**
THE LAW OFFICE OF MARK MACIAS
1100 Northwest Loop 410, Suite 370
San Antonio, Texas 78213-2200
Tel: (210) 949-0166
Fax: (855) 949-1338
Staffg1@nationwide.com
*Attorney for Defendants*


**Nathaniel Mack III**
THE LAW OFFICES OF NATHANIEL MACK III
1777 Northwest Loop 410, Suite 600
San Antonio, Texas 78217
Tel: (210) 333-6625
Fax: (210) 855-3152
nmack@macktexaslaw.com
*Attorney for Defendants*

_____
Dale Hicks