IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CONSTANCE STOKES, BRANDON THOMPSON, | § § § § | |
| *Plaintiffs,* | § § | |
| vs. | § § § | SA-17-CV-00318-FB |
| LOREN LEE CHAN, GRAND STAR TRUCKING, INC., | § § § § | |
| *Defendants.* | § § § | |

# ORDER

Before the Court in the above-styled and numbered cause of action is Plaintiff's Motion to Apply § 18.001 of the Texas Civil Practice and Remedies Code [#39]. By her motion, Plaintiff Constance Stokes asks the Court for permission to file her medical and billing affidavits and corresponding records for each of her medical providers pursuant to Section 18.001 of the Texas Civil Practices and Remedies Code. Plaintiff's Certificate of Conference [#41] indicates that Defendants do not oppose the relief sought by Plaintiff.

This negligence cause of action arises from an automobile accident and is before the Court under its diversity jurisdiction. Under Texas law, a plaintiff must prove her medical expenses associated with an accident were reasonable and necessary. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004). Section 18.001 provides that an affidavit stating that medical services were reasonable and necessary is sufficient evidence to support a finding of fact as to the same, unless a controverting affidavit is filed. Tex. Civ. Prac. & Rem. Code § 18.001(b). Federal district courts are split as to whether Section 18.001 is a procedural or substantive provision of state law that should apply in federal diversity case. *Compare Akpan*

*v. United States*, No. CV H-16-2981, 2018 WL 398229, at *3 (S.D. Tex. Jan. 12, 2018) (Section 18.001 is procedural rule inapplicable to diversity cases) *with Gorman v. ESA Mgmt., LLC*, No. CV 3:17-CV-0792-D, 2018 WL 295793, at *1 (N.D. Tex. Jan. 4, 2018) (Section 18.001 is substantive provision of Texas law applicable in diversity cases) (collecting cases).

Plaintiff contends that Section 18.001 should be applied in this diversity case and cites various opinions from federal district courts supporting her position. Again, Defendants do not contest Plaintiff's position. In light of the parties' agreement that Section 18.001 should apply in this case, and recognizing the benefits of Section 18.001's streamlined process for establishing damages, the Court will grant the motion.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Apply § 18.001 of the Texas Civil Practice and Remedies Code [#39] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Constance Stokes file any Section 18.001 affidavit by the deadline for completing discovery in this case.

**IT IS FINALLY ORDERED** that Defendants file any controverting affidavit within 30 days of the date Defendants receive a copy of the affidavit.

SIGNED this 11th day of April, 2018.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE